## Maxcy & Anderson v. The Fairbanks Company.

Decided March 9, 1906.

**1.—Warranty—Breach—Impeaching Testimony.**

A witness for defendant having testified that he had previously owned the engine in controversy and had refused to keep or pay for the same because it was worthless it was competent for plaintiff to prove that said witness refused to keep or pay for said engine, not because it was worthless, but because he was insolvent and unable to pay for the same.

**2.—Same.**

Defendant's witness having testified that the engine in controversy did not pump sufficient water to irrigate the crop, it was competent for plaintiff to prove that the well, from which the engine was used to pump water for irrigating, did not furnish water enough for that purpose.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*J. A. Gillette,* for appellants.—The testimony of the witness Spotts was not admissible. Heath v. White, 39 S. W. Rep., 123.

*S. R. Perryman* and *I. M. Standifer,* for appellees.

PLEASANTS, Associate Justice.—Appellee The Fairbanks Company, brought this suit against appellants and the North Galveston Improvement Company to recover the purchase price of a gasoline engine and a friction clutch pulley, sold by appellee to appellants, and the costs and expenses of installing said machinery.

The defendants answered by general demurrer and general denial and by several special pleas, the nature of which so far as is necessary to the understanding of the questions discussed in this opinion will be hereinafter stated.

The trial in the court below without a jury resulted in a judgment in favor of the plaintiff against appellants for the sum of $1,192.80, and a like judgment in favor of appellants against the North Galveston Improvement Company.

One of the special defenses pleaded by the defendants was a breach of the warranty in the contract of sale "to the effect that the engine was new, perfect and first-class and fully competent to do the work which it was required to do, and that it would not consume more than one-tenth of a gallon of gasoline, 74 to 76 degrees proof, per horse power, per hour when operating from one-half to a full load," and that said engine was of the capacity of 35 horse power.

In support of this plea appellants introduced the depositions of J. H. O'Donnell, who testified in substance that the engine in question was one of four which had been sold to him by plaintiff previous to the sale to appellants and had been returned by him because they did not give satisfaction and were not the character of engines described in the contract of sale. He further testified:

"The plaintiff took back all of said engines. He took them back because I held they did not come up to the contract which I had with the company, and I threatened to sue them for damages. They forthwith took them back. I refused to pay for the engines or any of them, on the grounds that the engines did not come up to the terms of my contract with the Fairbanks Company. . . . When the company still insisted that I pay for them in the face of these facts, I threatened to sue them for damages if they did not take the engines off my place. I was waited upon by Mr. Maddox and Mr. Spotts, the latter the attorney for the company at Houston; I again threatened to sue and they took them back. I returned the engines to plaintiff. . . . My dealing was with Mr. Spotts. . . . It is not a fact that I made the same plea which every other debtor does when he is pressed for money which he owes and knows that he owes, that the engines did not come up to the standard required. I was solvent at the time. I did not take the stand of an insolvent debtor in the matter. Failure of contract on the part of the Fairbanks Company was the only reason I refused to pay. I know E. R. Spotts, attorney at law, of Houston, Texas. He represented the Fairbanks Company in an attempt to collect this debt from me. It is not a fact that I told him I was unable to pay the debt of the Fairbanks Company and used that argument in order to get him to take back the property."

For the purpose of contradicting this witness appellee put E. R. Spotts on the stand and he testified that he was attorney for plaintiffs in the collection of the notes given by O'Donnell for the purchase price of the four engines, and that when he insisted on the payment of these notes O'Donnell urged as a reason for a rescission of the contract of sale the fact that he was insolvent, and did not claim that the engines were defective in any particular. This evidence was objected to by the defendants on the ground that O'Donnell was not a party to this suit and therefore any statement made by him in reference to said engines was hearsay and not admissible against defendants, and if said testimony was offered for the purpose of contradicting O'Donnell it was not admissible because no predicate had been laid therefor.

The first assignment presented in appellants' brief predicates error upon the ruling of the trial court in admitting this testimony over the objections above stated. There is no merit in the assignment. O'Donnell having stated in his testimony, given in behalf of defendants, that he informed Mr. Spotts, who was the agent for plaintiff for the collection of the notes, that he would not pay the notes because the engines were worthless, plaintiff was clearly entitled for the purpose of contradicting and to that extent impeaching his testimony, to show by the witness Spotts that no such statement was made. O'Donnell also testified on cross examination that he did not tell Spotts that he was insolvent and give that as a reason why plaintiff should take the engines back and surrender his notes, and we do not see how a broader predicate for the admission of evidence to impeach this witness by showing contradictory statements made to Spotts could possibly have been laid.

There was no error in the admission of the testimony of the witness Knapp, the admission of which is complained of in the third assignment. This testimony was to the effect that the well from which the engine in question was used to pump water for irrigating a rice crop did not furnish sufficient water for that purpose during the season of 1904. Defendants' witness had testified that the engine did not pump sufficient water to irrigate the crop and that the failure of the crop was due to defects in the engine. To off-set this testimony plaintiff was entitled to show that the failure of the engine to pump a sufficient amount of water was due to a lack of sufficient water in the well and that this condition continued during the year succeeding that in which the engine in question was used, and after it had been replaced by one of different make.

The remaining assignments complain of the judgment as being against the great weight and preponderance of the evidence upon the issue of whether the engine was defective in the particulars claimed by the defendants.

We have carefully considered the evidence, and our conclusion is that the findings of the trial court against the defendants upon all the issues of fact raised should be sustained.

The judgment of the court below must therefore be affirmed, and it has been so ordered.

*Affirmed.*

Writ of error refused.